ANTONE ENOS *vs.* R. I. SUBURBAN RAILWAY COMPANY.

OCTOBER 28, 1908.

PRESENT: Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Petition to Establish Truth of Exceptions.*

Upon a petition to establish the truth of exceptions brought under C. P. A., § 494 ; wherein the plaintiff prayed that certain of defendant's exceptions be disallowed and stricken from the bill, after this remedy has been invoked by either party its scope can not be restricted by the form of the prayer of the petition, but the court will endeavor to ascertain the truth; and this can not always be done by excision.

(2) *Bills of Exceptions. Stating Exceptions Separately.*

The statutory requirement contained in C. P. A., § 490, that the exceptions shall be stated separately and clearly, is intended for the benefit of the opposing party as well as for the court.

(3) *Stating Exceptions Clearly and Separately.*

An exception to rulings upon the ground that the court erred in "admitting or refusing to admit certain evidence" is not clear, within the meaning of the statute, when it appears that the rulings were confined to refusals to admit testimony. Neither is it stating clearly and separately to group in one exception eight rulings, contained on various pages of the transcript of testimony, but the defendant should have set out the eight exceptions to the refusal of the court to admit the testimony offered.

(4) *Establishing Truth of Exceptions.*

Although it appears from the transcript that the grounds of the objections which were the foundation of the exceptions were only stated in four instances, the court, gathering from the context the probable ground of the other objections, and from an examination of the bill and transcript finding that the whole number of exceptions were saved, will establish the truth that such exceptions were in fact taken and will allow the same to be properly set out in the bill by amendment.

(5)  *Exceptions.*

A remark by counsel, to a statement made by opposing counsel, "I take-exception to that," without more, where no exception was allowed by the court, can not be considered an exception within the meaning of the term, as a foundation for a bill of exceptions.

TRESPASS ON THE CASE for negligence.  Heard on plaintiff's petition to establish truth of defendant's bill of exceptions, under C. P. A., § 494.  Some exceptions established, and bill allowed to be amended.

DUBOIS, J.  This case comes before this court upon the plaintiff's petition to establish the truth of the defendant's bill of exceptions, under C. P. A., § 494, which reads as follows: "If the justice who presided at the trial shall, for a period of twenty days after a bill of exceptions has been filed, fail to act upon or return the same, or shall disallow, alter, or refuse to alter the same, and either party is aggrieved thereby, the truth of the exceptions may be established before the supreme court upon petition stating the facts, filed within thirty days after the filing of the bill of exceptions in the superior court; and thereupon, the truth of the exceptions being established in such manner as the court shall by rule prescribe, they shall be heard and the same proceedings taken as if the exceptions had been duly allowed and filed.  And upon such petition being filed, the supreme court may order the clerk of the superior court to certify and transmit to the clerk of the supreme court the papers in the cause."

The material portion of the plaintiff's petition is of the tenor following:

"Respectfully represents Antone Enos, that he is the plaintiff in the above entitled case entered in the Superior Court in the County of Providence and Numbered 20465; that said case was tried before the Honorable George T. Brown, a Justice of the Superior Court holden at Providence, within and for the County of Providence, on the 30th day of December, 1907, and following days, and on the second day of January, 1908, the jury returned a verdict for the plaintiff in the sum of Two Thousand Seven Hundred and Fifty Dollars ($2750);

that on the 11th day of March, the said Justice filed a decision granting the defendant's motion for a new trial unless the plaintiff remit One Thousand Dollars ($1000) from the amount of the said verdict within ten days; that on the 25th day of May, the defendant filed its Bill of Exceptions; that at a hearing fixed by said Justice, Counsel for the plaintiff objected to the allowance of said bill as the defendant's Bill of Exceptions, but the said Justice on the 28th day of May, allowed said bill and transcript.

"And your petitioner says that he is aggrieved by the ruling of said Justice in allowing said Bill of Exceptions, and he is aggrieved by the refusal of said Justice to alter the same and to disallow the same as prayed for by the petitioner at said hearing, for the following reasons:

"1.   The defendant has not stated separately and clearly the exceptions relied upon.

"2.   The first group of rulings in said bill should have been stricken out for the reason that the defendant has not stated separately and clearly the exceptions therein relied upon.

"Wherefore your petitioner prays that the truth of the exceptions shall be established by this Court, and that the alleged exceptions to the first group of rulings be disallowed and be stricken from said bill."

The defendant's bill of exceptions, the truth of which is sought to be established in this proceeding, reads as follows:

"The defendant in the above entitled action comes and files its bill of exceptions and says that said case was tried before the Honorable George T. Brown, one of the justices of said court, and a jury, on the 30th day of December, 1907, and the 2nd day of January, 1908, and a verdict was rendered for the plaintiff in the sum of $2750.00; and that certain exceptions have been taken by said defendant in the proceedings in said case, as follows:

"1.   To certain rulings of said justice, at the trial of said action, admitting or refusing to admit certain evidence, as shown on pages 158, 182, 193, and 196 of the transcript of testimony, etc., filed herewith.

"2.   To the refusal of said justice, at said trial, to direct a verdict for the defendant, as shown on page 210 of said transcript.

"3.   To a certain statement made by plaintiff's attorney during the course of said trial, to which exception is noted on page 43 of said transcript.

"4.   To the decision of said court denying the defendant's motion for a new trial, which motion was based upon the following grounds:

"(a)   That said verdict is contrary to the evidence and the weight thereof.

"(b)   That said verdict is contrary to the law.

"(c)   That the amount of damages awarded by said verdict is excessive.

"And the defendant insists that all of said rulings were .erroneous, and that said errors entitle it either to a new trial or to a judgment entered in its behalf.   Wherefore the defendant tenders this its bill of exceptions, and prays that the same may be allowed by the court in accordance with law."

The evident purpose of C. P. A., § 494, is to confer upon this court jurisdiction over exceptions, that their truth may be established.

(1)   As we have heretofore said in *Vester* v. *Rhode Island Co.*, 29 R. I. 214: "Under C. P. A., § 492, the justice who presided at the trial shall examine bills of exceptions and hear the parties, and if he shall find the exceptions, rulings, instructions, and findings correctly stated, he shall allow them.   The burden of ascertaining whether the exceptions are stated clearly and separately is properly placed upon the trial justice to whose rulings the exceptions were taken; but no exception to his allowance is permitted by the statute..   The only remedy provided for either party aggrieved by the failure of the justice to act upon the bill of exceptions, or to return the same, or to his disallowance of, alteration of, or refusal to alter the same, is to establish the truth of the exceptions before this court upon petition stating the facts under C. P. A., § 494."

But when this remedy has been invoked by either party, its scope can not be restricted by the form of the prayer of the

petitioner. The court will endeavor to ascertain the truth of the exceptions, and this can not always be done by excision.

In ascertaining whether the exceptions, rulings, etc., were correctly stated the trial justice had not only the bill of exceptions and transcript of the evidence before him and the counsel for the respective parties to aid him, but he had also the assistance of his memory as to what transpired at the trial. Necessarily we can have no such recollection. In the case at bar we have been obliged to ascertain the truth of the exceptions from an examination of the bill of exceptions and the transcript of testimony. But in making the examination and in arriving at our conclusions we have not been hampered by technicalities. The statutory requirement contained in C. P. A., § 490, in the words "shall state separately and clearly the exceptions relied upon," is intended for the benefit of the opposing party as well as for the benefit of the court upon its examination of the exceptions; so that it should be clearly apparent to such party upon what grounds exceptions will be urged before the court in order that he may be advised upon what questions he must prepare his brief for the argument of the case. If, as frequently happens, an examination of the case by the excepting party eliminates a large number of questions which are deemed to be immaterial upon final consideration, it is for the benefit of the court as well as of the opposing party that those questions be eliminated in the frame of the bill of exceptions so that the real questions intended to be litigated shall be presented upon bill of exceptions rather than that the bill of exceptions should be so general in its character as to be notice to the opposing party of the intention to litigate every possible question which appears to be reserved upon the transcript. This work of elimination has to be done sooner or later, and it might well be done upon the bill of exceptions in the first place rather than upon the briefs upon final argument, thereby relieving the opposing party of the apparent necessity of discussing questions which in the end are waived by the excepting party.

(3) Paragraph one of the defendant's bill of exceptions, hereinbefore set forth, does not comply with such statutory require-

ment.   In the first place it is not clear to except to certain rulings upon the ground that the court erred in "admitting or refusing to admit certain evidence," when in fact the rulings of the court were confined to refusals to admit testimony. Neither is it stating clearly and separately to group in one exception eight rulings whereof two are shown on one page, four upon another, and one each on other pages of the transcript of testimony.   The grounds of the objections which were the foundation of the exceptions are only stated in four instances, viz.:  the first objection in which the ground was stated (immateriality) was made to Q. 25, on p. 158 of the transcript of testimony;  the second (want of notice to plaintiff) appears to Q. 48, on p. 182 thereof;  the third (want of materiality) to Q. 200, on p. 192, exception saved on p. 193 thereof;  and the fourth ("same objection") to Q. 101, on p. 193 aforesaid. While it is possible for the court to gather from the context the probable ground of the other objections, it is just as easy, or easier, for the counsel who were engaged in the trial of the cause to do this, and save the court this trouble.

(4)    The defendant should have set out his eight exceptions to the refusal of the court to admit the testimony offered.   This court, having examined the bill of exceptions and transcript, finds that the defendant did save eight exceptions, as aforesaid, and their truth, that is, the truth that such exceptions in fact were taken, is established, and the same may be properly set out in the bill of exceptions by amendment.

The truth of the exception referred to in the second paragraph of the defendant's bill of exceptions is also established, and is allowed.   It may be necessary, however, to renumber the same, and permission is granted for that purpose.

(5)    The truth of the exception mentioned in the third paragraph of said bill is not established.   No exception was taken to any ruling of the court.   The incident appears in the transcript of the plaintiff's testimony as follows:  "Q. 354.  Then— didn't you say in direct examination that the passenger car that you took to go home that night was going about as fast as it could go?   A. Well, I don't know; took my ticket to get

.a ride to the conductor and—(question repeated by stenographer). A. About quarter of or twenty minutes of one.

"MR. WATERMAN: He is hard of hearing, and I think the .accident affected his ears.

"MR. RICE: I take exception to that.

"THE COURT: I think there is no such allegation.

"MR. RICE: I think it is very improper for counsel to say it before the jury." There the matter was allowed to rest. No exception was taken in the proper sense of the term, and none was allowed by the Superior Court at the time. The truth of this exception not having been established, the same is disallowed.

The truth of the exception contained in the fourth paragraph of the bill is established; the same is not objectionable, because the grounds on which the motion was founded are set out, and the same is allowed.

The truth of the exceptions having been established, as hereinbefore set forth, the bill of exceptions may be amended accordingly, and the cause will stand for further proceedings.

*Waterman, Curran & Hunt,* for plaintiff.

*Joseph C. Sweeney and Clifford Whipple,* for defendant.